UNITED STATES *v.* WYMAN & Co. (No. 1112).[1]

ASSESSMENT UPON ENTERED VALUE.

The commission charged abroad, disputed here as dutiable, was entered on the invoice in the words and figures intended by the writer; they received from the collector the interpretation they were intended to take when the invoice was made out. This is not a case of manifest clerical error.—United States *v.* Bennett *et al.* (2 Ct. Cust. Appls., 249; T. D. 31975).

## United States Court of Customs Appeals, May 23, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31113 (T. D. 33106).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

*H. J. Thierauf* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This appeal relates to the assessment of duties on certain merchandise which was entered for consumption by the importers upon a duly certified invoice under the tariff act of 1909. The collector assessed the correct rate of duty upon the entered value of the importation. No appeal was taken for reappraisement, and the entry was liquidated on the basis of the entered value. Thereafter the importers filed a protest against the assessment, claiming that a certain nondutiable purchasing commission, in the sum of 38.60 marks, was erroneously included within the entered value of the importation, and that the entered value was excessive to that extent. Upon the filing of the protest the appraiser examined the merchandise in question and found that the entered value contained the item complained of, and that "the inclusion of the item was not necessary to make the foreign market value of the merchandise." The protest was submitted to the Board of General Appraisers and was sustained, from which decision the Government now appeals.

Subsection 7 of section 28 of the tariff act of 1909 provides that—

The duty shall not, however, be assessed in any case upon an amount less than the entered value.

The decision of the board now upon appeal, however, requires the collector to assess duty in the present case upon an amount less than the entered value of the merchandise. The question therefore arises whether or not the present case is governed by the rule above quoted or falls within one of the exceptions which have been recognized by the courts in the application of that rule.

The law upon this subject was stated by Barber, Judge, speaking for this court, in the case of United States *v.* Bennett *et al.* (2 Ct. Cust. Appls., 249; T. D. 31975), in the following words:

The value stated in an entry upon a certified invoice, no duress or manifest clerical error appearing, is, under the provisions of section 7 of the customs administrative act, conclusive upon the importer and duty can not be assessed upon a less value by the collector. Daloz *v.* United States (171 Fed., 275); Vantine *v.* United States (91 Fed., 519); Kimball *v.* The Collector (10 Wall., 436, 450); *In re* Irwin (T. D. 25764) *In re* Schulze-Berge-Koechl (T. D. 10533); Ullman *v.* United States (1 Ct. Cust. Appls., 61; T. D. 31032).

According, therefore, to the foregoing statement the entered value of the importation in question was conclusive upon the importers unless the record establishes the existence of duress or manifest clerical error in the matter complained of. The importers make no charge of duress, therefore the only question remaining in the case is whether or not the record discloses that the item in question was erroneous and was included within the entered value because of a manifest clerical error.

In the certified invoice containing the entered value the disputed item appears as follows: "5% Com., 38.60." It is claimed by the importers, as stated above, that this item represents a nondutiable purchasing commission which should not have appeared in the entered value of the merchandise, and that the error occurred because the item was "overlooked" by the entry clerk when he prepared the entry in question.

This statement of the importers' claim clearly shows that the disputed item, even if nondutiable in character, did not result from a manifest clerical error. The item in question was entered in the invoice in the words and figures intended by the writer; they were interpreted by the collector with the meaning and effect which were intended by the writer at the making of the invoice. This statement negatives the occurrence of a merely clerical error. The clerk who prepared the entry may have misunderstood the law relating to such items, he may have misunderstood the facts, or he may have entered the item inadvertently. Nevertheless clerically the item was not incorrect, for it stood in the invoice in form and substance as the clerk intended to enter it, and the entry correctly carried the intended signification to the mind of the collector. In such case it can not be said that the item was a clerical error, much less can it be said that it was a manifest clerical error. For whatever inaccuracy existed in the entry was the result of inaccurate intention on the accountant's part and not of the clerical execution of that intention. United States *v.* Foard (T. D. 30936); United States *v.* The Swedish Produce Co. (4 Ct. Cust. Appls., 223; T. D. 33437).

In this view of the case the assessment of the collector should have been affirmed. The decision of the board is therefore *reversed*.