UNITED STATES *v.* NATIONAL STEAM NAVIGATION Co., LTD. (No. 1119).[1]

APPRAISEMENT WHEN CLERICAL ERROR WAS NOT MANIFEST.
    Importers claim they overstated the value of the merchandise in a pro forma invoice, being misled by an error in the transmission of a cable message from their London office. The appraiser appraised the merchandise at the value stated in the pro forma invoice, and the collector liquidated thereon. It is held that this is not manifest error in the appraisement or assessment, and can not be reviewed upon protest to the board of classification.

United States Court of Customs Appeals, November 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31167 (T. D. 33145).
    [Reversed.]

· *William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.
    *Walden & Webster* (*Henry J. Webster*, of counsel) for appellee.

    Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:
    The importation in this case was a propeller shaft and nut for a steamship. Entry was made upon a pro forma invoice, filed by the importers, which stated the value of the article at £390 sterling. The

--------

merchandise was subject to an ad valorem duty, and the appraiser reported that the dutiable value stated in the pro forma invoice was correct.

Subsequently and before liquidation the importers produced a consular invoice in which the dutiable value of the merchandise was stated at £290. At the same time the importers presented ·to the collector their claim that the statement of value at £390, contained in the pro forma invoice, was incorrect, and that the same was the result of a clerical error. The importers claimed that in the absence of a consular invoice at entry they had cabled their London office for information concerning the value of the merchandise; that the London office thereupon had filed a return message for transmission giving the value at £290; that the cable company had substituted £390 for £290 by a clerical error in transmitting the message; and that the pro forma invoice was based upon the incorrect message thus delivered to the importers. In support of this claim the importers filed certain letters with the collector, including one from the cable company in which the aforesaid error was acknowledged by that company.

Upon receipt of the importers' claim and the letters filed in support thereof, and before liquidation of the entry, the collector returned the pro forma invoice to the appraiser, together with a statement of the importers' claim and the letters filed in support thereof, and requested a further report upon the dutiable valuation of the article in connection with the foregoing claim of the importers.

Thereupon the appraiser filed such a report with the collector in the following terms:

The COLLECTOR OF CUSTOMS,
            *New York, N. Y.*

SIR: This office is in receipt, under your indorsement (E. J. A.), July 18, 1911, of pro forma invoice 26720, entry 135414, ex steamship *Cedric*, May 25, 1911, covering one propeller shaft and nut, invoiced £390, and letters from F. B. Vandegrift & Co., The National Steam Navigation Co. (Ltd.), and The Western Union Telegraph Co., requesting report as to the valuation, in connection with the claim of the importers that an error of £100 was made by the telegraph company in transmitting the amount by cable from London.

In reply to your indorsement you are informed that the pro forma invoice did not show grade of material used in construction of propeller shaft and nut, and, as nickel-chrome or special grade steel is now being used for merchandise of similar character, extra or special grade was taken as base in arriving at value, and it was impractical to obtain a piece for analysis without injury to shaft. Merchandise of this character is furnished only on specifications showing materials to be used and labor required.

In view of the above, no specifications being attached to the invoice, this office adheres to its original appraisement. The papers are herewith returned.

        Respectfully,

                    F. W. BIRD, *Appraiser.*

Upon receipt of the foregoing communication the collector liquidated the entry upon the valuation of £390, assessing duty at 45 per cent ad valorem, which is conceded to be the applicable rate of duty.

Thereupon the importers filed their protest against the liquidation, claiming in the protest that the merchandise was of the value of £290 only, and that the statement of value at £390 entered in the pro forma invoice was the result of a clerical error committed by the cable company in the transmission of the message, as above stated. No appeal to reappraisement was taken by the importers.

The protest was heard upon evidence by the Board of General Appraisers and was sustained. The Government now prosecutes an appeal from that decision.

At the trial before the board the importers submitted evidence tending to prove, as aforesaid, that in the absence of a consular invoice they had cabled their London office for information concerning the value of the merchandise; that the London office had delivered a return message to the cable company reporting the value to be £290; that by a mistake in transmission the figures 390 were substituted for 290 in the message, or rather that the figure 3 was substituted for 2 therein; that the message was thus delivered to the importers; and that the importers, acting upon the incorrect message, had stated the value of the article in the pro forma invoice at £390. Upon this showing the importers contended, and the board ruled, that the collector's liquidation was invalidated by the aforesaid clerical error, and that the same should be corrected by reliquidation. However, it seems to the court that the foregoing report of the appraiser to the collector furnishes an effective answer to this contention. It appears thereby that before liquidation both the collector and the appraiser were fully advised of the claim of the importers and also of their proofs in support of the same, but that nevertheless upon reconsideration the appraiser adhered to the original appraisement and the collector was compelled to liquidate upon that valuation. The appraiser did not adhere to his original appraisement because of his reliance upon the statements of the pro forma invoice; but upon all the facts known to him, including the two invoices and the claim and proofs of the importers, he nevertheless held that the dutiable value of the article was actually £390, and not £290 only.

In support of his action the appraiser explains in his report that nickel chrome or special grade steel is now being used in the manufacture of such propellers as the one in question; that it was impracticable for him to obtain a piece of the metal composing the present article for analysis without injury to the shaft itself; that merchandise of this character is furnished only on specifications showing the materials to be used and the labor required, but that no such specifications were attached to the invoice; and that upon all the facts before him he found the dutiable valuation of the article to be £390.

It may be noted in passing that the present record contains no testimony concerning the materials and labor entering into the manufacture of the imported article. The only evidence produced by the

importers relative to the true value of the article is the statement appearing in the consular invoice and the corrected message from the London office. In this case, however, the latter statement is mere hearsay.

It does not seem, however, that the present record really raises any question of clerical error at all, but rather that there is an issue made between the appraiser and the importers concerning the dutiable value of the importation, which issue was not appealed to reappraisement, and certainly can not be tried upon protest to the board acting as a board of classification.

It is no doubt true that a clerical error occurred in the transmission of the cable message, and that this resulted in the statement contained in the pro forma invoice. But independently of all that the appraiser actually appraised the importation at a dutiable value of £390, and the liquidation was correct unless a manifest clerical error appeared in the appraisement. But it is clear that there was no manifest clerical error in the appraisement, for it correctly expressed the meaning intended by the appraiser and was the result of his deliberate judgment exercised within his lawful jurisdiction. There being no manifest clerical error affecting the appraisement, it became conclusive upon the parties in the absence of an appeal to reappraisement, and the collector was right in accepting it as the basis of the liquidation. Section 13, administrative provisions, tariff act of 1909; United States v. Bennett & Loewenthal (2 Ct. Cust. Appls., 249; T. D. 31975) ; United States v. Wyman & Co. (4Ct. Cust. Appls., 264; T. D. 33485).

The decision of the board is therefore *reversed*.