UNITED STATES *v.* BAYERSDORFER & Co. (No. 1215).[1]

EVIDENCE—CLERICAL ERROR, WHAT IS NOT.

The evidence of the admitted clerical error here was before the importers at the time they made entry. Subsequently the error in valuation was disclosed to the appraiser. These facts do not constitute a case of manifest clerical error.—United States *v.* Swedish Produce Co. (4 Ct. Cust. Appls., 223; T. D. 33437); United States *v.* Wyman (*Ibid.*, 264; T. D. 33485); United States *v.* Proctor (5 Ct. Cust. Appls., —; T. D. 34091).

United States Court of Customs Appeals, January 22, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32999 (T. D. 33594).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Submitted on record by appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from the decision of the Board of General Appraisers setting aside the action of the collector in assessing additional duties in the sum of $44.38 upon an importation of merchandise invoiced as immortelle wreaths. They were imported at the port of Philadelphia in October, 1909. The entry was made at a gross valuation based upon the consular invoice and upon its face showed no clerical error. After the entry was made the appraiser, desiring to know the *per se* value of the invoice, instituted, as it would appear, an inquiry of the importers. A production of the office copy of the invoice showed the *per se* value of the different sizes of wreaths and extensions aggregating the same amount as the consular invoice. But it also showed that certain items were incorrectly extended. One item, the correct extension of which was 307.65 francs, was extended as 139.65 francs. Another item was extended at 78 francs, whereas the correct amount was 91 francs, making the total invoice 1,551.15 francs as against 1,370.15 francs named in the consular invoice. The correct extensions were noted in pencil on the private invoice and called to the attention of the brokers who made the entry. The entry was nevertheless made at the value stated in the consular invoice, but was advanced by the appraiser to 1,543.25 francs.

The board found as a fact that the appraiser had before him the private invoice showing this undervaluation as in the nature of a clerical error. This finding is supported in the testimony. But the time at which he had this evidence before him was not at the time of the entry, but it would appear was after he had instituted inquiry, when the office invoice was produced. The question presented is, therefore, whether, where the entry papers fail to show any clerical

---

[1] Reported in T. D. 34134 (26 Treas. Dec., 160).

error, and where the evidence of such clerical error is before the importer at the time he makes an entry, a subsequent disclosure of this clerical error to the appraiser entitles him to relief and to set aside an advance for undervaluation.

We think this question is ruled by cases recently considered by this court—United States v. Swedish Produce Co. (4 Ct. Cust. Appls.; 223; T. D. 33437); United States v. Wyman (*Ibid.*, 264; T. D. 33485) and United States v. Proctor (5 Ct. Cust. Appls., 44; T. D. 34091).

In the Swedish Produce Co. case it was said by De Vries, Judge:

The importer testified at the hearing that the private invoice was in his possession, and produced it. We think a fair reading of this record well warrants the conclusion that the facts establishing the undervaluation of this merchandise were in possession of the importer at the time of entry. Such does not, to say the least, present a case of manifest clerical error.

The Proctor case is to the same effect. The decision of the board is *reversed*.