UNITED STATES *v*. BRODIE (No. 1513).[1]

CLERICAL ERROR—SELLING COMMISSION.

The entry here asserts the item claimed as exempt was dutiable. On the invoice the item is called a buying commission. This does not disclose manifest clerical error. When the appraiser examined the statement of the inspector that the item was a nondutiable buying commission, in connection with the fact that the charges were made by the seller of the goods and found the gross sum the dutiable value of the goods, the inquiry was concluded.

United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37206.

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.
*Comstock & Washburn* (*John A. Kratz jr.*, of counsel), for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
In this case the board sustained the protest of the importer on the ground of clerical error. The Government appeals.

The merchandise consisted of 34 cases of raw feathers and on the entry the prices were carried out as 13,471 pounds, 16 shillings, and 4 pence. From this was deducted 10 shillings and 4 pence for consul fees, leaving a balance of 13,471 pounds, 6 shillings. The invoice accompanying the entry described the goods and carried out

---

[1] Reported in T. D. 35438 (28 Treas. Dec., 855).

the prices of the various items amounting to 13,052 pounds, 10 shillings, added brokerage, 65 pounds, 5 shillings, 3 pence, which with packing, delivery, etc., amounted to 92 pounds, 9 shillings 9 pence; buying commission, 2½ per cent; and consul fee, 10 shillings, 4 pence. The consul fee was not extended, but the buying commission was and added into the total, making the total 13,471 pounds, 16 shillings, and 4 pence.

The protest reads:

I claim that duty on item of commission of £326.6.3 was assessed erroneously. Through a mistake in making entry said item was not deducted and duty on same was not allowed in the liquidation of entry, although said item was returned by the appraiser as a nondutiable charge.

What constitutes a manifest clerical error has been so often decided by this court that it is not necessary that the holdings should be repeated here at any length. See cases of United States *v.* Wyman (4 Ct. Cust. Appls., 264; T. D. 33485), United States *v.* Proctor (5 Ct. Cust. Appls., 44; T. D. 34091), Thomsen *v.* United States (5 Ct. Cust. Appls., 69; T. D. 34100), and United States *v.* the Swedish Co. (4 Ct. Cust. Appls.; 223; T. D. 33437).

In United States *v.* Wyman there was an item of 5 per cent commission which was not deducted from the entered value, and it was said that the claim was made that the item represented a nondutiable purchase commission which should not have appeared in the entered value of the merchandise, and that the error occurred because the item was overlooked by the entry clerk when he prepared the entry in question. Of this claim it is said:

This statement of the importers' claim clearly shows that the disputed item, even if nondutiable in character, did not result from a manifest clerical error. The item in question was entered in the invoice in the words and figures intended by the writer; they were interpreted by the collector with the meaning and effect which were intended by the writer at the making of the invoice. This statement negatives the occurrence of a merely clerical error. The clerk who prepared the entry may have misunderstood the law relating to such items, he may have misunderstood the facts, or he may have entered the item inadvertently. Nevertheless, clerically the item was not incorrect, for it stood in the invoice in form and substance as the clerk intended to enter it, and the entry correctly carried the intended signification to the mind of the collector.

In the present case the entry itself shows a total dutiable valuation of 13,471 pounds, 6 shillings, after deducting the consular charges. On the face of the entry paper there is no room for question. The accompanying invoice showed, as presented, a sale of the goods by the I. Salaman Co. (Ltd.) to the importer, and with the cost to the importer, including the brokerage, packing, delivery, etc., and the so-called buying commission, of precisely the same amount, except for the fact that the consul fee purports to have been taken out a second time on entry.

But reliance is had upon the fact that this item was referred to in the invoice as a buying commission. As was said by the court in Vandegrift v. United States (6 Ct. Cust. Appls., 80; T. D. 35327):

It is clear that so-called commissions appearing in invoices wherein the shippers are described as sellers are open to explanation upon such invoices, and that the terms of the invoice in such case are not conclusive, either upon the importer or the collector, in respect to the dutiable status of such charges for commissions.

This statement was predicated upon a history of this subject as disclosed by the various cases which have arisen in which so-called purchasers' commissions have been claimed to be nondutiable, and in a great variety of cases in some of which they have been held nondutiable and in others subject to duty. See Batten & Co. v. United States (5 Ct. Cust. Appls., 447; T. D. 34975).

The most that can be said of this record, as it appeared, is that the entry asserted that this item was dutiable and is only contradicted by the fact that it is called a buying commission on the invoice. This would at most create an uncertainty and not establish a manifest clerical error, even if proof of such were permissible under the protest. This being the state of the record when presented to the appraiser, the fact that the inspector noted the letters "N. D." followed by his initials, opposite the term "buying commission,' has only the effect of directing the attention of the appraiser to this subject, and when the appraiser examined this statement in connection with the fact that the charges were made by the seller of the goods and found the gross sum as the dutiable value of the goods, he concluded the inquiry.

It is to be noted that on appeal to the Secretary of the Treasury in this same matter the claim here made under subsection 23, section 28, tariff act of 1909, was overruled in an opinion stating that—

Items of commission are, however, neither uniformly dutiable nor uniformly nondutiable, and the department is of the opinion that no manifest clerical error is shown in the failure to deduct the commission in this instance, and in view of the provision of subsection 7 of section 28 of the tariff act of 1909, that duty shall not be assessed on less than the entered value, it is unable to grant relief.

We do not determine as to whether this decision of the Secretary of the Treasury, through the head of the Division of Customs, is conclusive of the case, as we reach the conclusion on the merits that no manifest clerical error is either alleged or shown.

The decision of the board is *reversed*.