UNITED STATES *v.* KUPPENHEIMER & CO. ET AL. (No. 1582).[1]

The entrants at the time of entry had before them the shippers' invoices, upon which two prices were indicated, one purporting to be the unit cost price and the other the unit market value, and intentionally entered the merchandise at a value corresponding to such cost price. *Held,* not to make a case of manifest clerical error under paragraph Y of section 3 of the act of 1913.

United States Court of Customs Appeals, November 19, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37948. [Reversed.]

*Bert Hanson,* Assistant Attorney General, for appellant.
*Allan R. Brown* for Harrington & Goodman of appellees.

[1] Reported in T. D. 35925 (29 Treas. Dec., 594).

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Three protests are involved in this case, one of B. Kuppenheimer & Co. and another of G. W. Sheldon & Co., both of which relate to assessments of duty made by the collector of customs at the port of Chicago, while the other, that of Harrington & Goodman, involves an assessment at the port of Philadelphia.

The importers present no oral or other argument in this court.

The appraiser advanced the entered value of each importation, resulting in the levy of additional duties under paragraph I of section 3 of the act of 1913, and the sole question here is whether relief may be had from such additional levy.

At the hearing before the Board of General Appraisers upon the Kuppenheimer and Sheldon protests the importers called as a witness the examiner who passed the merchandise. He testified, in substance, that two prices were indicated on the shippers' invoices which were filed with the entry papers, one purporting to be the unit cost price and the other the unit market value; that these two prices, the latter being the higher, directed his attention especially to the circumstances; that the stated market price substantiated to him the fact that the market value was higher than the price actually paid, and that he had no recollection of calling upon importers for their private papers at the time he made examination and investigation as to the dutiable value of the merchandise. No other witness testified, and there is no other relevant evidence as to these protests, except what is contained in the invoices and entry papers. There is no evidence whatever in the record relating to the Harrington & Goodman protest other than the shippers' invoice and entry papers.

The board found in substance that in each instance the shipper at the time of making the invoice placed thereon the unit cost price and the unit market value; that the values at which the merchandise was entered by importers were identical with and based on such cost prices and not upon the stated market values.

The evidence and files warrant no conclusion that the board erred in its findings above mentioned, the same are not challenged, and are assumed by us to be correct.

The board also found that the appraiser in passing the merchandise adopted the unit market value as shown in the invoices, and further that " the error in making the entry is one which we think is both ' clerical ' and ' manifest ' from the papers that were before the collector at the time of liquidation," sustained the protests and directed reliquidation accordingly.

The Government, appealing, claims the board erred in its last above finding, and insists upon the facts stated that there was no manifest clerical error.

From what already appears it is apparent that the board concluded from the fact that the invoices contained figures showing the market value of the merchandise as well as its cost, it having been entered at the latter and advanced to an amount identical with the former, that there was a manifest clerical error committed when the entry was made.

The provisions of the section and paragraph hereinbefore referred to are in substance that the entry shall be made at the actual market value or wholesale price of the merchandise at the time of exportation to the United States in the principal markets of the country from which the same has been imported; that if the merchandise is appraised at an amount greater than the entered value certain additional duties shall be assessed which shall not be remitted nor payment thereof in any way avoided except in cases arising from a manifest clerical error or unless, as provided in other paragraphs, on final decision upon reappraisement, the advanced value is not sustained.

There was no appeal to reappraisement as to any of these entries. The question, therefore, reduces to this: Does the fact that these invoices contain statements as to the market value of the merchandise identical with that at which the same was appraised, which statements called the examiner's attention to the fact that the market value might be higher than the entered value and confirmed him in his conclusion that such was the case, as a matter of law warrant the inference that the importers in entering their merchandise at its cost value, as stated in the invoices, committed a manifest clerical error?

The question of what is a manifest clerical error has been before this court several times.

In United States *v.* Wyman (4 Ct. Cust. Appls., 264) it appeared that a nondutiable purchasing commission stated in the invoice was by the error of the clerk who prepared the entry included in the entered value. Of the claim that this was a manifest clerical error it was said that, whether the clerk misunderstood the law relating to the nondutiable item or the facts, or whether he entered the item inadvertently, did not, nevertheless, constitute a manifest clerical error, because the entry was made exactly as the clerk intended to make it and correctly carried the intended signification to the mind of the collector. See also United States *v.* Swedish Produce Co. (4 Ct. Cust. Appls., 223).

In United States *v.* Proctor (5 Ct. Cust. Appls., 44) in substance it was urged that the entered value was too large by reason of a claimed clerical error made by the entrant, who knew all the facts relevant to the question of value, it appearing that the entry was made exactly as the entrant intended to make it. The Swedish Produce Co. case and the Wyman case, *supra*, were referred to with

approval, and it was held upon the facts stated that manifest clerical error had not been shown. In that case we were impressed with the view that some hardship had resulted to the importers, caused by the inadvertence or inattention of the person making the entry, and it may be so here. The conclusion was there reached, however, that relief did not lie with this court, but with Congress.

We think under the facts here that manifest clerical error has not been shown and can not be legally inferred. The importers had before them all the information afforded by the invoices, and they could use the same or not as they chose. They may have believed at the time of entry that the cost prices shown in the invoices represented the market values, but whatever their belief there is nothing here to show that the values as entered did not correctly represent the intention of the entrants at the time of entry. If the entry values had been accepted by the appraiser, it is doubtful, to say the least, if the importers would have offered to pay additional duties because of the fact that the entered value was too small. The fact that in some or all of the protests it is stated that the importers had committed a manifest clerical error is entitled to no probative effect here. It is nothing more than a statement of a claim.

We think the Board of General Appraisers erred in its holding that manifest clerical error had been shown under paragraph Y of section 3 of the act of 1913, and its judgment is therefore *reversed*.