### VANDIVER *v.* UNITED STATES (No. 1718).[1]

CONSTRUCTION, PARAGRAPH I OF SECTION 3, TARIFF ACT OF 1913—ENTERED HIGHER THAN MARKET VALUE.

The addition by the importer of a certain sum to the invoice value, with a certificate to the effect that the addition was made to make market value as indicated by the appraiser's advance in similar cases and that his action was taken pursuant to paragraph I of section 3, tariff act of 1913, was not a compliance with the paragraph, since it required him to certify that the entered value was higher than the market value (which he did not do) and provided that his action should appear to be taken after due diligence and inquiry (which did not appear).

United States Court of Customs Appeals, December 21, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7880 (T. D. 36280).

[Affirmed.]

*John L. Vandiver* for appellant.
*Bert Hanson,* Assistant Attorney General, for the United States.

[Oral argument October 18, 1916, by Mr. Vandiver and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importer made entry at the port of Philadelphia of a consignment of toys in August, 1914, valued at $594. Assuming to act under the provisions of paragraph I of section 3 of the tariff act of 1913, the importer added to his entry a certificate as follows:

Importer adds 76 marks to make market value as indicated by appraiser's advance in similar cases now pending on appeal to reappraisement. This addition is made pursuant to subsection I of section 3, tariff act of October 5, 1913.

This was followed by an application to the Secretary of the Treasury for the assessment of duty at less than the entered value, which application was denied upon two grounds: First, because the action of the importer in making an advance merely because a previous advance had been made by the appraiser, and without inquiry on his part as to the true market value, was held not to constitute the good

---

[1] Reported in T. D. 36900 (31 Treas. Dec., 637).

faith and diligence required by the statute; and, second, for the reason that the importer failed to certify in the certificate accompanying the entry that the entered value was higher than the market value, as required by the statute.

In other appeals involving a similar question, the entered value was determined to be the value exclusive of the addition made corresponding to the addition of 76 marks in the present case. The collector having, upon the refusal by the Secretary of the Treasury to make the certificate required by paragraph I of section 3, assessed duty at the entered value, the importer filed a protest claiming a reduction from the entered value of the addition of 76 marks made by him. On hearing before the Board of General Appraisers, the majority of the board held that the importer had not made out a case under this paragraph. General Appraiser Brown filed a dissenting opinion.

Other cases presenting similar questions are pending in this court for decision, but the present case may be disposed of without full discussion of all the questions involved. Indeed, all are not present in the instant case. We therefore confine ourselves to a decision of what we deem a controlling point in the present case.

For convenience we quote paragraph I of section 3:

The duty shall not, however, be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury in cases in which the importer certifies at the time of entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement, and the importer's contention shall subsequently be sustained by a final decision on reappraisement, and it shall appear that the action of the importer on entry was taken in good faith, after due diligence and inquiry on his part, and the Secretary of the Treasury shall accompany his directions with a statement of his conclusions and his reasons therefor.

This paragraph requires payment of duty upon the entered value in all cases except such as are provided for therein. It contemplates a direction by the Secretary of the Treasury in cases in which certain facts concur. Among these, first, is that the importer shall have certified at the time of the entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraisers in similar cases then pending on appeal for reappraisement; second, that it shall appear that the action of the importer on entry was taken in good faith after due diligence and inquiry on his part. The only attempt to comply with this provision is stated in the certificate above quoted. This certificate falls far short of containing a statement that the entered value is higher than the foreign market value. It does state that an addition is made "to make market value as indicated by appraiser's advance in similar cases now pending on appeal to reappraisement."

But all this might be true when in the belief of the importer the actual market value is not less than that stated in the entry. The effect of this provision is to afford a statutory remedy to the importer to escape the penalties which would otherwise fall upon him for entering goods at less than full value, and to permit an entry, so that in case it should be held that the value is less than that actually entered he would get the benefit of the reduction from the entered value. But it was not the purpose to permit him to speculate upon the results of pending litigation except upon compliance with the requirement of the statute, and this, as its first requirement, states that the importer must have certified at the time of entry that the entered value is higher than the foreign market value. This he failed to do, unless the statement "this addition is made pursuant to subsection I of section 3, tariff act of October 5, 1913," be construed as tantamount to a statement that all the facts required by said paragraph exist. We think it not open to this construction. The most that can be said is that this advises the officer that he is assuming to proceed under this paragraph, but it is not intended to act as a substitute for the statement of a particular fact which is required by the terms of the paragraph to be set out. For this reason we think the Secretary of the Treasury was justified in withholding direction to the collector to liquidate at less than the entered value.

The decision of the board will be *affirmed*.