CONSMILLER *v.* UNITED STATES (No. 2026).[1]

CONSTRUCTION, PARAGRAPH I, SECTION III, TARIFF ACT OF 1913— "CLERICAL ERROR"—ADDITIONAL DUTY.

The term "manifest clerical error" in paragraph I, Section III, tariff act of 1913, is one that is apparent and obvious on the face of the papers. It does not include an error which may, by extrinsic evidence, be shown to have been committed. To regard as manifest clerical errors those which depend for their demonstration upon proof dehors the record would put a premium upon fraud or attempted fraud upon the revenue.— United States *v.* Swedish Produce Co. (4 Ct. Cust. Appls , 223; T. D. 33437). An entry which sets out the extension in yen and the unit of value without stating what currency, obviously states upon its face that the unit of value is in yen; and extraneous proof that the extension should have been stated in dollars instead of yen does not establish a claim of "manifest clerical error" under the paragraph. The additional duty provided for by the paragraph for undervaluation should have been imposed, since the yen is worth less than the dollar. The action of the appraiser in returning the invoice to the importer for correction after it had come under his observation is forbidden by the paragraph.

United States Court of Customs Appeals, April 10, 1920.

APPEAL from Board of United States General Appraisers; Abstract 43523.

[Affirmed.]

*Brooks & Brooks (Frederick W. Brooks, jr.,* of counsel) for appellant.

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

[Oral argument Apr. 6, 1920, by Mr. Brooks, jr., and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph I of Section III of the act of 1913 among other things provides in substance that the owner, etc., of imported merchandise at the time he makes entry thereof, but not after either the invoice or the merchandise has come under the observation of the appraiser, may make such additions in the entry to or deductions from the cost or value given in the invoice as in his opinion may raise or lower the same to the actual market value or wholesale price of the merchandise at the time of exportation to the United States; that additional duties for undervaluation shall be assessed; that such additional duties shall not be considered penal and "shall not be remitted nor payment

---

[1] T. D. 38373 (38 Treas. Dec., 322).

thereof in any way avoided except in cases arising from a manifest clerical error"; that if the appraised exceeds the entered value by more than 75 per cent, except when arising from manifest clerical error, the entry shall be held presumptively fraudulent, and that duty shall not (except in certain cases of which this is not one) be assessed on less than the entered value.

In paragraph Y of the same section it is in substance provided that when it is shown to the satisfaction of the Secretary of the Treasury that the estimated duties paid are greater than those that upon final liquidation are found to be lawfully due upon an importation, a refund thereof may be made, a permanent indefinite appropriation to accomplish such refund is therein created, and the Secretary of the Treasury is authorized to correct manifest clerical errors in any entry or liquidation for or against the United States at any time within one year of the date of such entry but not afterwards.

These provisions have resulted in considerable litigation in which the issue has been as to what was a manifest clerical error within the meaning of the statute, and this case is another of that class.

Herein it appears that on June 5, 1918, the importer made an entry of steel knitting needles upon a pro forma invoice. The invoice set forth in detail the quantities and sizes of the needles. The last item of the entry, the only one indicating value and therefore the only one with which we are concerned, aggregates the number of needles in the importation and declares entered value in the following language:

43,500 @ 15.00 per M............................................... ¥652.50

On the 12th day of June there was made in red ink a notation addressed to the collector referring to this invoice and reading as follows:

This invoice is manifestly made in error. The importer has been entering more or less frequent shipments at yen 3 per hundred—30 yen per 1,000, or $15 per M. Note extension in yens. Importer requests return of this invoice in order that manifest clerical error may be corrected.

H. M. C. 6/12/18.

On August 8 following the appraiser advanced the entered value to $652.50 and made the following entry on the invoice:

Appraiser advances to make market value by making appraised value $15 per M

It will be noted that the entry on the pro forma invoice first above quoted does not state what unit of price "15.00" represents while the character before the extended amount of 652.50, it is agreed, represents the unit "yen." It is claimed that the dollar sign should have been used instead of the yen sign before the extended amount and that therein consists the manifest clerical error in this case from which resulted an undervaluation on entry.

Six hundred fifty-two and fifty hundredths yen, when converted into United States money is approximately $325, whereas the importer concedes it should have been $652.50.

It will be observed that in the aforesaid red-ink notation the assistant appraiser stated that the invoice was manifestly made in error, that the importer had been entering more or less frequently shipments at 30 yen per thousand (30 yen seeming to be the equivalent of $15), and that the importer requested the return of the invoice that he might correct the manifest clerical error. This memorandum of the appraiser was made before the goods were appraised. It was not made until after the invoice had come under the observation of the appraiser, therefore the importer had no right to the return of the invoice for correction, but was relegated, in the first instance at least, to such relief as the Secretary of. the Treasury might grant under that provision of the statute clothing him with such authority in cases of manifest clerical error. The appraiser as already appears, increased the apparent entered value by an amount which the importer concedes raised the same to its true value. The additional duties were imposed and the importer applied to the Secretary of the Treasury for relief. This was denied upon the ground that no manifest clerical error appeared. The importer protested the final liquidation. The board overruled the protest and the case is here on importer's appeal.

In United States *v.* Swedish Produce Co. (4 Ct. Cust. Appls., 223; T. D. 33437), the court by De Vries, Judge, said in substance that a manifest clerical error was one that was apparent and obvious on the face of the papers and did not include an error which might by extrinsic evidence be shown to have been committed and that to regard as manifest clerical errors those which depended for their demonstration upon proof dehors the record would put a premium upon fraud or attempted fraud upon the revenue.

The entry here does not show what the unit of 15.00 was claimed to be. It does show that the result of multiplying that by the unit of the merchandise to which it was to be applied gave 652.50 yen, from which the obvious conclusion upon the face of the papers would be that the 15.00 also represented yen. As a yen is less in value than a dollar, again it is obvious that the entry was in fact an undervaluation of the merchandise and that the entered value was practically only 50 per cent of its real value. Nothing on the face of the papers indicates such undervaluation to have been a clerical error, hence the claimed error was not manifest. The appraiser in deciding it was an error brought into exercise a knowledge of what the importer in the recent past had done respecting other entries of similar or like merchandise. From the entry itself, so far as anything appeared thereon,

there was no suggestion that the importer did not understand the value of the merchandise to be and did not design to enter it at 652.50 yen. So far as proof is concerned, the fact of other entries or the entered value thereof could only be established by evidence dehors the record. In effect that is what the appraiser considered when he reported the entry was manifestly an error. Had he not known of the previous entries, there was nothing about the entry that would have suggested error to him. If the importer intended to enter the importation at the value of $652.50, his failure so to do, while an error, possibly a clerical error—we do not know—clearly was not a manifest clerical error. It can not be said upon these papers that he did not intend to enter the merchandise at the valuation of 652.50 yen. Absolute good faith may be and is assumed here, but if, on the other hand, it be assumed that the importer intended to undervalue the goods, he might well have adopted the precise method employed in this case.

This is not an instance of a gross overvaluation so large and improbable as to attract the attention of the customs officers and suggest on the face of the papers that it was an error, in which case it is possible ground might exist for holding that a manifest clerical error was present. On the other hand. it is not such a gross undervaluation, if there can be such a case, as thereby to demonstrate that a manifest clerical error has been committed.

Without exhausting the list, we refer to a few of the cases in this court that we regard as controlling here: United States v. Swedish Produce Co. (4 Ct. Cust. Appls., 223; T. D. 33437); United States v. Proctor Co. (5 Ct. Cust. Appls., 44; T. D. 34091); Thomsen & Co. v. United States (5 Ct. Cust. Appls., 69; T. D. 34100); United States v. Bayersdorfer & Co. (5 Ct. Cust. Appls., 99; T. D. 34134); United States v. Nozaki Bros. (5 Ct. Cust. Appls., 286; T. D. 34471); Kridel, Sons & Co. v. United States (8 Ct. Cust. Appls., 250; T. D. 37522).

Somewhat of the legislative history of the provisions for manifest clerical error is found in Thomsen & Co. v. United States, supra, and is enlightening.

The judgment of the Board of General Appraisers is *affirmed*.