## KURZ & CO. (INC.) ET AL. v. UNITED STATES (No. 2642) [1]

CONSTRUCTION, PARAGRAPH I, SECTION III, TARIFF ACT OF 1913—"MANIFEST CLERICAL ERROR"—SECRETARY'S DECISION FINAL.

To constitute a manifest clerical error under paragraph I, Section III, tariff act of 1913, the error must be apparent on the face of the papers in the case presented to the collector or appraiser. Where molasses, invoiced at ½ cent per gallon, was entered at 1 cent per gallon, and the importers claimed that they intended to enter it at 2 cents per gallon to meet the advance made by the appraiser in another case then pending on appeal, there was no manifest clerical error. After final appraisement at ½ cent per gallon, the refusal of the Secretary of the Treasury to direct that duty be taken at less than the entered value is not reviewable.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, G. A. 9013 (T. D. 40975)

[Affirmed.]

*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*John G. Lerch* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument December 11, 1925, by Mr. Sharretts and Mr. Lerch]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

In this case the importers entered, under the tariff act of 1913, at the port of Philadelphia 660,000 gallons of molasses, invoiced at the value of $3,300 or ½ cent per gallon. To the invoice value the importers added on entry $3,300, thereby making the total entered value $6,600 or 1 cent per gallon, an increase of ½ cent per gallon

---

[1] T. D. 41395.

over the invoice value. Attached to the entry was a certificate which reads as follows:

PHILADELPHIA.

I hereby certify that the entered value of the merchandise mentioned below is higher than the foreign market value and that the goods are so entered at the port of Philada., in order to meet advances by the appraiser in similar cases now pending on appeal for reappraisement. The cases now pending are entries nos. 1363 Reapp. #482 at the Port of New Orleans.

I contend that duty should be assessed on the basis of the value shown as the foreign market value.

| Items | Invoice value | Foreign market value | Add to meet advances by appraiser in similar cases | Entered value | Total addition |
|---|---|---|---|---|---|
| 660,000 gals. molasses | ½ @ gal | ½ @ gal | ½ @ gal | 1 @ gal J. WM. | ½ @ gal. |
| | | 660,000 gals | @ | ½ @ 9076A. | $3,300 |

CHARLES KURZ & CO. (Inc.),
C. H. MOORE, *Atty.*

The molasses was appraised at the entered value of $6,600, or 1 cent per gallon. The importers appealed to reappraisement and the molasses was finally reappraised on October 26, 1922, at ½ cent per gallon, or $3,300. The collector, however, assessed duty on the entered value of 1 cent per gallon, or $6,600, under that part of paragraph I of Section III of the act of 1913, which reads as follows:

PAR. I. * * * The duty shall not, however, be assessed in any case upon any amount less than the entered value, unless by direction of the Secretary of the Treasury in cases in which the importer certifies at the time of entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement, and the importer's contention shall subsequently be sustained by a final decision on reappraisement, and it shall appear that the action of the importer on entry was taken in good faith, after due diligence and inquiry on his part, and the Secretary of the Treasury shall accompany his directions with a statement of his conclusions and his reasons therefor.

On November 22, 1922, in writing, the importers requested the Secretary of the Treasury to direct that duties be assessed on the molasses at less than its entered value. The Secretary of the Treasury denied importers' application on the ground that the entrant had advanced the value of his goods to 1 cent a gallon instead of 2 cents a gallon, the value at which such goods were appraised in entry No. 1363. The Secretary of the Treasury having refused to direct the collector to take duty on less than the entered value, the importers' entry was liquidated on the entered value—that is to say, at 1 cent a gallon or a total value of $6,600. Against that liquidation importers

protested on the ground that the entered value of $6,600, or 1 cent per gallon, was made to meet the appraisement made in entry No. 1363 at the port of New Orleans; wherefore the importers claimed that duty should have been taken by the collector on their importation at its appraised value of ½ cent per gallon or $3,300 instead of 1 cent a gallon or $6,600.

The Board of General Appraisers overruled the protest and the importers appealed. Counsel for the importers admits that the entry in this case did not meet the appraisement of 2 cents per gallon on entry No. 1363, but insists that the failure in that behalf was because of a manifest clerical error, and that, therefore, the protest should have been sustained by the board.

We are disposed to agree with counsel for the appellants that the entry of the goods at 1 cent a gallon was an error, but we are not willing to go so far as to say that it was a clerical error. If the entry was the result of a miscalculation or stated an incorrect value because the entrant made an advance of a half cent when he really intended to make an advance of a cent and a half, the lapse might be held to be a clerical error provable by extrinsic evidence and not necessarily by the papers constituting the entry record. As there is nothing in the case, however, which would warrant us in saying that the entrant ever saw the appraisement papers in entry No. 1363 and as there is no proof whatever of miscalculation or of the doing something that was not intended, we can scarcely say that even a clerical error was proven. *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, 265. Indeed, the fact that the value was advanced $3,300 and not simply ½ cent per gallon rather produces the impression that the importers did just what they intended to do and were not confused by mental images which caused them to write ½ cent when it was their purpose to set down 1 cent and a half. Certainly a *manifest* clerical error was not established, inasmuch as the error does not appear on the face of the record. To constitute a manifest clerical error, the mistake must be apparent on the face of the papers in the case presented to the collector or appraiser. *United States* v. *Foard*, T. D. 30936, April 7, 1910; *Consmiller* v. *United States*, 10 Ct. Cust. Appls. 109, 112, T. D. 38374. Errors which can only be shown by extrinsic evidence, that is to say, by evidence *dehors* the record, are not *manifest* clerical errors.

*United States* v. *Swedish Produce Co.*, 4 Ct. Cust. Appls. 223, 225, T. D. 33437; *Hermance* v. *Ulster Co.*, *supra*, 71 N. Y., 481-485-486; *United States* v. *Wyman & Co.*, *supra; United States* v. *National Navigation Co.*, 4 Ct. Cust. Appls. 491, 494; *United States* v. *Proctor Co.*, 5 Ct. Cust. Appls. 44, 45, T. D. 34091; *Thomsen* v. *United States*,

5 Ct. Cust. Appls. 69, 71, 72, T. D 34100; *United States* v. *Bayersdorfer & Co.*, 5 Ct. Cust. Appls. 99, 100; *DeLiagre & Co.* v. *United States*, 6 Ct. Cust. Appls. 470, 472; *Consmiller* v. *United States*, 10 Ct. Cust. Appls. 109, 111.

But if there was a manifest clerical error, the only remedy available to the importers under paragraph I of Section III of the tariff act of 1913 was the securing of an order from the Secretary of the Treasury directing the collector to assess duties "upon an amount less than the entered value." The importers made the certificate required by that paragraph, but the Secretary of the Treasury denied the importers' application and refused to issue the order prayed for.

The Secretary of the Treasury was vested by Congress with *exclusive* authority to direct that an assessment of duties be made upon an amount less than the entered value and his refusal to direct such an assessment under the act of 1913, must be regarded as final and conclusive upon the importers. The Secretary's denial of an application for a directed assessment is not appealable. The Secretary is the tribunal of last resort and his decision can not be reviewed either by the Board of General Appraisers or by this court on a protest against the collector's liquidation. Under paragraph I the collector can not assess duty on less than the entered value without an order to that effect from the Secretary of the Treasury, and there being no such order, it is apparent that the assessment was made on the value prescribed by the statute and in accordance with law. *Mills & Gibbs* v. *United States*, 8 Ct. Cust. Appls. 31, 37, 38; *Penick* v. *United States*, 12 Ct. Cust. Appls. 218; *Fougera & Co.* v. *United States*, 12 Ct. Cust. Appls. 253.

*Vandiver* v. *United States*, 7 Ct. Cust. Appls. 338, and *United States* v. *Woodward-Newhouse Co.*, 11 Ct. Cust. Appls. 284, are not in point and are not at variance with the views hereinbefore expressed.

The judgment of the Board of General Appraisers is *affirmed*.