J. J. McQUILLAN *v.* UNITED STATES (No. 3318)[1]

United States Court of Customs and Patent Appeals, November 10, 1930

*Barnes, McKenna & Halstead (Samuel M. Richardson* and *Joseph Schwartz* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham, jr.,* special attorney, of counsel), for appellee.

T. D. 44401.

[Oral argument October 7, 1930, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

It appears from the record that certain Japanese rice-straw rugs were imported at the port of Savannah, Ga.; that appellant was acting as the customhouse broker for the importer of the merchandise; that the consular invoice consisted of three sheets of paper, the first white, and the other two blue, attached together; that, on the white sheet, the foreign shipper had made a declaration of the selling prices and market values (which were the same) of the merchandise in Japanese yen, the total being 4,016.80 yen; and that, on the two blue sheets, the shipper had declared the prices in American dollars, "C. I. F. Duty Paid," the total being $3,873.60, which contained the following items: 612 yen for freight, 69.92 yen for insurance premium, 5.17 yen for consular fee, 160.65 yen for cartage and shipping, and $809.92 for tariff duties.

It also appears from the record that appellant was the secretary and treasurer of the South Atlantic Steamship Co.; that he had authority to make customs entries for customers of his company; that one A. P. Gnann, a witness for appellant, was an employee of appellant's company and sometimes made customs entries in appellant's name; that the witness, Gnann, handed the involved invoices to a young man in the employ of the company with instructions to prepare the entry in accordance with the yen price; and that this young man prepared and filed the entry.

The merchandise was entered at $3,873.60 less nondutiable charges of $336.19, the total entered value being $3,537.41. The entered value included 160.65 yen—approximately $80—for cartage and shipping, and anticipated tariff duties of $809.92. It was appraised at the entered value.

Appellant did not file an appeal for a reappraisement, and the collector liquidated the entry. Thereafter, appellant filed a protest against the collector's assessment of duty and his refusal to reliquidate the entry "for a clerical error discovered within one year after the date of entry."

On the trial below, the witness, A. P. Gnann, testified that he did not see the "C. I. F. Duty Paid" invoice, but that he instructed the young man in his office to enter the merchandise according to the yen price appearing on the invoice on the white sheet of paper. He testified that he did not intend that the entry should include the customs duty amounting to $809.92. Continuing his testimony he said:

Q. Now, take the next item.—A. There is another item of—well, they have got the total here of 160.65 yen, which is cartage and shipping, which is included and did not intend .to be included; and there is also a difference in the market value between that invoice and the selling price of $616.27, which would have to be deducted to make it agree, as the entry should have been made out.

\* \* \* \* \* \* \*

Q. Now, let me ask you this: Did you, after the entry was made out by your clerk, Mr. Downing, examine it?—A. Well, I may just have given it a hurried glance. We were very busy that particular day and I tried to keep things going.

Q. Have you any personal recollection whether you personally examined the entry after Mr. Downing did the clerical work on it?—A. No; I don't believe I have.

The court below held that the error committed in making the entry was not a clerical error within the meaning of section 514 of the Tariff Act of 1922, and that the power of the court to order reliquidation of entries in which clerical errors have been discovered, as provided in section 514, *supra*, was limited to cases "where the final appraised value is the same or less than the entered value would be, if corrected." In support of this holding the court cited several of its decisions, including the case of *J. E. Bernard & Co.* v. *United States*, T. D. 42525, 52 Treas. Dec. 504.

The protest was, accordingly, overruled.

It is contended by counsel for appellant that the entered value includes two nondutiable items—$809.92 for customs duty and 160.65 yen, approximately $80, for cartage and shipping, and, in addition thereto, a "sum upwards of $600 representing the difference between the market value on the date of exportation and the value used as a basis in making entry"; that the inclusion of those sums was the result of a clerical error; that the provisions in section 514, *supra*, for reliquidation, when clerical errors are discovered in entries within the statutory period, should be construed in connection with the provisions of sections 489, 503, and 520, *pari materia;* and that, when thus construed, the involved provisions clearly manifest the purpose of the Congress to require the assessment of duties upon the entered or the appraised value, whichever is higher, "except in cases of clerical or manifest clerical error or 'duress' entry."

Counsel for the Government contends that the error committed in making the involved entry was not a clerical error, but one of judgment; and that, even if it be assumed that the error committed was clerical in character, the court below was right in holding that it did not have the authority to order a reliquidation of the entry.

Section 514 of the Tariff Act of 1922 reads as follows:

SEC. 514. PROTEST.—All decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise

from entry or delivery, under any provision of the customs revenue laws, and his liquidation of any entry, or refusal to pay any claim for drawback, *or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry,* shall be final and conclusive upon all persons, unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation or decision, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto, and if the merchandise is entered for consumption shall pay the full amount of duties, charges, and exactions ascertained to be due thereon. Under such rules as the Board of General Appraisers may prescribe, and in its discretion, a protest may be amended at any time prior to the first docket call thereof. [Italics ours.]

The error committed in the preparation of the involved entry was unfortunate, and, if ordinary care and caution are to be considered as of consequence in such matters, it was inexcusable. The witness, Gnann, testified that he did not examine the invoices with sufficient care to observe that they were two in number. He did not even see the "C. I. F. Duty Paid" invoice used by his "young man" (presumably a clerk, although there is no evidence to that effect) in the preparation of the entry. He told his "young man" to make entry at the "yen price." Instead of obeying these instructions, the young man used the "C. I. F. Duty Paid" invoice, deducted certain nondutiable items, amounting to $336.19, and entered the merchandise at $3,537.41. He evidently overlooked the statement on the first page of the "C. I. F. Duty Paid" invoice that the duty at 40 per centum ad valorem on 4,161.80 yen amounted to $809.92, and that the latter sum was included in the total invoice price.

The term "clerical error" is defined in Funk & Wagnalls' New Standard Dictionary as follows:

1. A mistake in copying or writing.
2. *Law.* An error of inadvertence in a record or written instrument, which does not affect the intent.

In the case of *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485, this court held that the erroneous inclusion in an entry of a nondutiable item—a purchasing commission of 5 per centum—was not the result of a clerical error. It was there claimed by counsel for the importer that the error occurred because the item was overlooked by the entry clerk. In disposing of the case, the court said:

This statement of the importers' claim clearly shows that the disputed item, even if nondutiable in character, did not result from a manifest clerical error. The item in question was entered in the invoice in the words and figures intended by the writer; they were interpreted by the collector with the meaning and

effect which were intended by the writer at the making of the invoice. This statement negatives the occurrence of a merely clerical error. The clerk who prepared the entry may have misunderstood the law relating to such items, he may have misunderstood the facts, or he may have entered the item inadvertently. Nevertheless, clerically the item was not incorrect, for it stood in the invoice in form and substance as the clerk intended to enter it, and the entry correctly carried the intended signification to the mind of the collector. In such case it can not be said that the item was a clerical error, much less can it be said that it was a manifest clerical error. For whatever inaccuracy existed in the entry was the result of inaccurate intention on the accountant's part and not of the clerical execution of that intention. *United State* v. *Foard*, T. D. 30936; *United States* v. *The Swedish Produce Co.*, 4 Ct. Cust. Appls. 223, T. D. 33437.

The issue here is controlled by the decision in the *Wyman & Co.* case, *supra*. It is true that the clerk (if he may be so designated) did not prepare the involved entry in accordance with his instructions. However, he may not have understood them, or he may have believed that his judgment was better than that of his superior. He may have overlooked certain nondutiable and other items, and exhibited a lack of knowledge of both the law and the facts. Nevertheless, the entry is precisely as he intended it to be, both in form and in substance. Accordingly, the error committed by him was not clerical in character.

Having reached the conclusion that the error committed in the preparation of the entry was not clerical in character, it is unnecessary for us to consider other questions presented by counsel for the parties.

The judgment is *affirmed*.