(C. D. 943)

NATIONAL MERCHANDISE CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 12, 1945)

Lawrence & Tuttle (George R. Tuttle and Frank L. Lawrence of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General ·(William J. Vitale, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: A quantity of porcelain and Rockingham ware was entered at the port of Los Angeles on July 11, 1940, and assessed with duty under the appropriate provisions of the Tariff Act of 1930. Additional duty was assessed under section 304 of the same act, as amended, for failure to properly mark the merchandise to indicate the country of origin. One out of the 20 cases which were imported was retained at the appraiser's stores at the port of entry and the remaining were delivered to the importer. No protest was filed against either the assessment of regular duty or the marking duty, but the record discloses that the importer elected to export his merchandise rather than mark it. Upon exportation, which appears to have taken place in conformity with the statute insofar as the importer was concerned, the entry was liquidated, allowance being made for both the regular and the marking duty upon the entire importation of 20 cases. This liquidation took place on June 20, 1941.

On or about August 11, 1941, the customs officials discovered that the liquidation was in error in that under the provisions of section 558 (b) of the Tariff Act of 1930, as amended, allowance for marking duty on the entire 20 cases was proper, but that as to the regular duty allowance should have been made only for the 1 case which had not been released from customs custody. We quote said section 558 (b), as amended by section 24, Customs Administrative Act of 1938, as follows:

(b) When articles are exported or destroyed under customs supervision after once having been released from customs custody, as provided for in subsection (c) of section 304 of this Act, such exportation or destruction shall not exempt such articles from the payment of duties other than the marking duty provided for in such subsection (c).

A tentative reliquidation was therefore made on August 11, 1941, to correct the error and the entry was forwarded to the comptroller for verification. Reliquidation took place on January 2, 1942, in which allowance was made for the payment of marking duties on the entire 20 cases, but for regular duty upon only 1 case.

Plaintiff thereupon filed protest against this reliquidation claiming

it to be illegal because the original liquidation had become final, and upon the further ground that there had been no error of a clerical nature.

In his brief counsel for the plaintiff contends that the original liquidation had become "final and conclusive upon all persons (including the United States and any officer thereof)," under the provisions of section 514 of the Tariff Act of 1930. However, it is to be noted that section 520 (c) (1) of the Tariff Act of 1930, as amended by section 18, Customs Administrative Act of 1938, provides as follows:

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1) a clerical error in any entry or liquidation discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry; * * *

In the instant case the collector, as disclosed by the record, discovered the error on August 11, 1941, which was within 60 days after the original liquidation, which latter date was more than 10 months after the date of entry. The ground for the reliquidation is stated in a letter from the Commissioner of Customs to the collector at Los Angeles, under date of December 10, 1941, in which said Commissioner finds that "the failure of the liquidator to include the delivered 19 cases in computing the amount of duty to be assessed constitutes a clerical error." The collector reliquidated the entry apparently acting under these instructions. Nevertheless, the decision on reliquidation was his own insofar as this court is concerned.

Plaintiff contends that the error was not such clerical error as is contemplated in said section 520 (c) (1). In support of this contention counsel points out that there is no evidence that it was clerical, but that rather it was due to ignorance or misconstruction of law or regulations, or to an error of judgment; nor is there evidence that on liquidation the collector's agent did not do what he intended. Plaintiff thereby seeks to put the burden of proof upon the customs officials and the defendant herein. The presumption of correctness favors the collector in this action and the burden is on plaintiff to overcome that presumption. The record is lacking in proof sufficient to sustain such burden. Although it is apparent that an error was made by the liquidator in the original liquidation, proof is lacking as to whether or not the mistake was such as to constitute clerical error under the decisions. The action of the liquidator may have been the result of a mistake of some employee upon whom no duty devolved to use judgment, or the liquidation may not have been exactly as the person who made it intended it to be, all of which elements of proof must appear under the decisions. See *McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401, citing *United States* v. *Wyman*, 4 Ct. Cust. Appls. 264, T. D. 33485.

Upon the record as made we find that the plaintiff has not sustained its burden of proof. The protest is therefore overruled.

Judgment will be rendered accordingly.