**No. 51091.**—Protest 94442–K of J. Honig (Los Angeles).

EKWALL, Judge: The merchandise involved in this case consists of 36 pieces, watch movements, imported from Switzerland. Duty was levied thereon under the provisions of paragraph 367 (a) (1), Tariff Act of 1930, as modified by the trade agreement with Switzerland (T. D. 48093), at $1.20 each, plus an additional 9 cents each jewel for each jewel in excess of seven, plus 50 cents for each adjustment.

The pertinent portions of said paragraph 367 (a), as amended, are as follows:
367 (a) Watch movements * * *

(1) * * * If more than ⁹/₁₀ of 1 inch but not more
than 1 inch wide _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ $1.20 each.

* * * * *

(3) Any of the foregoing having more than seven
jewels shall be subject to an additional duty of _ _ _ 9¢ for each jewel
in excess of
seven.

(4) Any of the foregoing shall be subject for each ad-
justment of whatever kind (treating adjustment
to temperature as two adjustments) in accord-
ance with the marking as provided in subpara-
graph (b) of paragraph 367 to an additional duty
of _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 50¢ for each ad-
justment.

The issue presented by the protest is that a clerical error was made by the
examiner of merchandise in that he found these 36 pieces had 3 adjustments,
whereas, it is alleged, the examiner's notation should have been "no adjustments."

Plaintiff moved to amend the protest by adding the following:

The 36 pieces watch movements referred to in this protest are dutiable under
paragraph 367 (a), as amended by the Swiss Trade Agreement, T. D. 48093, as
follows:

At 90¢ each (over 1″ wide) plus 9¢ for each jewel in excess of 7 (paragraph
367 (a) (3)) or

At $1.20 each (more than 9/10 of 1 inch but not more than 1 inch wide) plus 9¢
for each jewel in excess of 7. (Paragraph 367 (a) (1) (3).)

From the testimony produced at the hearing by the Government appraiser at
the port of entry it is clear that plaintiff's claim cannot be sustained. From the
appraiser's testimony it appears that when these movements were imported they
were marked "3 adjustments," and the examiner so returned them, that being
the only evidence as to whether the movements were adjusted.

The importer testified, among other things, that the involved movements had
not been adjusted, that he had received permission to repack the movements in
smaller packages, and that he received permission to change the marking "3 ad-
justments" to "non-adjusted" and he made that change.

The deputy collector in charge of the liquidating division testified in substance
that the liquidation of the entry was in accordance with the examiner's notation,
and that said liquidation was as he intended it.

Government counsel at the first hearing moved to dismiss the original protest
as untimely in that it was filed 7 months subsequent to liquidation and that
plaintiff's claim of clerical error in the appraiser's or examiner's description of the
merchandise was an attempt to evade the provisions of section 514, Tariff Act of
1930, which require that protest be filed within 60 days after liquidation. The
motion was based on the further ground that the motion to amend is also
untimely.

At the conclusion of the hearing counsel entered into a stipulation that if the
examiner were called to testify he would state that he fully intended to classify
the merchandise covered by this protest as having three adjustments, that they
were so marked, and it was further stipulated that the watches were marked
"3 adjustments" at the time of importation.

The case was submitted subject to the ruling of the court on the motions to
dismiss.

Insofar as the original protest is concerned the alleged error was discovered
within 1 year after the date of entry and protest filed within that time. Although
the claim set forth in that protest is termed clerical error it is clearly a protest

against the collector's classification. Even if we were to find that the protest was. timely, plaintiff has failed to prove clerical error as that term has been defined by the courts. In *Cheney Bros.* v. *United States*, 38 Treas. Dec. 577., T. D. 38468. (G. A. 8363),.clerical error was defined as a physical variance between the mental intention and the physical execution, or registering of the intention. See also. *J. J. McQuillan* v. *United States*, 18 C. C. P. A. 215, T. D. 44401; *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485.

In the case at bar liquidation had become final unless there has been a clerical error within the meaning of section 520 (a) as more than 60 days have elapsed since the date of liquidation without the alleged error being corrected. To allow an amendment in the form of a classification claim to such a protest would nullify the statute of limitations in section 514, Tariff Act of 1930. The motion to. amend the protest is therefore denied.

Inasmuch as plaintiff has failed to prove clerical error we think the better practice would be to overrule the protest rather than dismiss the same.

Judgment will be rendered accordingly.