(C. D. 1250)

FRANCISCO CASTELAZO *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 13, 1950)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* and *Carlos M. Teran* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: Plaintiff in this case claims that the liquidation of the entry was erroneous due to a clerical error on the part of the liquidator in that he failed to make allowance for 88¾₁₂ dozen handkerchiefs reported short in the shipment by the customs examiner at the time of examination of the merchandise. It is claimed that allowance therefor should have been made under authority of section 499 of the Tariff Act of 1930, as amended, and section 15.8 (*b*) of the Customs Regulations of 1943, as amended.

At the hearing Government counsel moved to dismiss the protest on the ground that it was untimely, having been filed more than 60 days after liquidation. An examination of the official papers discloses that the protest was filed November 6, 1947. In the case of protests directed against the collector's refusal to reliquidate on the ground of clerical error, a protest is timely if filed within 60 days of such refusal. (Section 514, Tariff Act of 1930.) The letter to the collector from the Acting Commissioner of Customs declining to permit reliquidation, is dated October 20, 1947 (exhibit 1). The refusal must have been subsequent to such instructions, and prior to November 5, 1947, the date the letter of protest was written. The Government in its brief apparently waives the claim of untimeliness, as we find no mention of that claim therein. We therefore hold that the protest is timely.

On the merits, plaintiff's counsel moved in evidence and there were received by the court three exhibits, viz, a letter from the Acting Commissioner of Customs to the collector of customs at the port of Los Angeles, under date of October 20, 1947 (exhibit 1); a petition to the Secretary of the Treasury made by the plaintiff herein, dated September 3, 1947 (exhibit 2); and the reply made by the collector to the protest, appearing on the reverse side of said protest (exhibit 3).

The facts as they appear from the official papers and exhibits may be summarized as follows. The customs broker who filed the present protest made entry of two cases of cotton handkerchiefs at the port of Los Angeles on November 15, 1946, for the account of one Harry Horn. The summary sheet shows a notation "Evidence of pilferage." On the invoice, certain enumerated shortages are shown. In liquidation, no allowance was made for these reported shortages. The collector's letter (exhibit 3) states:

At the time entry was prepared for vertification by the Comptroller, the sheet marked "YX" carried the examiner's red ink figures in the column headed "Quantity" and these figures would have been construed by the liquidator as indicating a shortage existed to the extent of the difference between the typewritten and red ink figures, if they had been noted by the liquidator.

What probably happened is that—after determining the rate of duty from the "Threads square inch", "Weight square yard in ounces" and "Average Yarn No.",

as shown on sheet "YX"—the liquidator went to the green invoice just below it and applied these rates to the values stated thereon, as the amendment merely adds back a discount. In going from one page to the other, he overlooked the red ink figures on sheet "YX" and, for this reason alone, failed to make an allowance for the shortage.

It is noted that plaintiff's proof is confined to the statements in the official papers and official letters in evidence. The collector's letter, above quoted, is based upon a probability as to what occurred. The essence of clerical error is intention. The instant record is lacking in proof as to the intention of the person who made the error. In the case of *Basser's Silk Co.* v. *United States*, 66 Treas. Dec. 984, Abstract 29002, in which the importer neglected to cite a similar case in the duress certificate filed, the court held:

> As to the alternative claim that the omission of the citation of the test case was due to clerical error, the testimony of the agent who made entry of the merchandise on behalf of the importer discloses that he knew the correct number which should have been inserted in the certificate and that his failure to insert such number was due to an oversight and forgetfulness on his part. We know of no decision nor has one been called to our attention in which proof of carelessness has been held to be sufficient to sustain a claim of clerical error. The essence of clerical error is intention. (*McQuillan* v. *United States*, 18 C. C. P. A. 215, T. D. 44401.) * * *

This case was affirmed by our appellate court in *Basser's Silk Co.* v. *United States*, 23 C. C. P. A. (Customs) 141, T. D. 48008.

In the *McQuillan* case cited above, which is the leading case on this question, the merchandise was covered by two invoices, one of which declared the market values in Japanese yen, and the other in United States dollars "C. I. F. Duty Paid." Entry was made by a customs broker, through an agent, who handed the invoices to a young man, presumably a clerk in the employ of the company, with instructions to make the entry in accordance with the yen price. The young man, instead of obeying instructions, used the "C. I. F. Duty Paid" invoice. The court held that the entry so made was in form and substance as the clerk intended it to be, and that there was no clerical error within the meaning of section 514, Tariff Act of 1922. The court, in arriving at its conclusion, cited the case of *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485, and said:

> The issue here is controlled by the decision in the *Wyman & Co.* case, *supra*. It is true that the clerk (if he may be so designated) did not prepare the involved entry in accordance with his instructions. However, he may not have understood them, or he may have believed that his judgment was better than that of his superior. He may have overlooked certain nondutiable and other items, and exhibited a lack of knowledge of both the law and the facts. Nevertheless, the entry is precisely as he intended it to be, both in form and in substance. Accordingly, the error committed by him was not clerical in character.

In the *Wyman* case cited, the court held that the inclusion of a nondutiable item—a purchasing commission of 5 per centum—was

not the result of a clerical error. The importer in that case claimed that the error occurred because the item was overlooked by the entry clerk. In deciding that no clerical error was involved, the court used the following language:

This statement of the importers' claim clearly shows that the disputed item, even if nondutiable in character, did not result from a manifest clerical error. The item in question was entered in the invoice in the words and figures intended by the writer; they were interpreted by the collector with the meaning and effect which were intended by the writer at the making of the invoice. This statement negatives the occurrence of a merely clerical error. The clerk who prepared the entry may have misunderstood the law relating to such items, he may have misunderstood the facts, or he may have entered the item inadvertently. Nevertheless clerically the item was not incorrect, for it stood in the invoice in form and substance as the clerk intended to enter it, and the entry correctly carried the intended signification to the mind of the collector. In such case it can not be said that the item was a clerical error, much less can it be said that it was a manifest clerical error. For whatever *inaccuracy existed in the entry was the* result of inaccurate intention on the accountant's part and not of the clerical execution of that intention. United States v. Foard (T. D. 30936); United States v. The Swedish Produce Co. (4 Ct. Cust. Appls., 223; T. D. 33437).

According to the collector's letter above set forth, the probability is that the error in the instant case occurred because of an oversight on the part of the liquidator. The liquidator was not produced to testify as to what his intention was in arriving at his conclusion. Apparently the plaintiff was satisfied to rest his case upon a probability. We therefore find that upon the evidence produced plaintiff has failed to make out a case of clerical error under the decisions. The protest is overruled. Judgment will be rendered for the defendant.