(C. D. 254)

H. A. GOGARTY INC. v. UNITED STATES

United States Customs Court, Third Division

(Decided November 29, 1939)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville*, special attorney, and *Alfred A. Taylor, Jr.*, junior attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been illegally collected as customs duties upon an importation of merchandise from Japan. When the case was called for hearing the attorney for the plaintiff stated:

I move the incorporation of the reports on the summary sheet attached to the consular invoice of the appraiser, addressed to the collector, dated October 31, 1938, and the accompanying papers and official reports relating to the claim of manifest clerical error, and submit.

The protest is as follows:

We refer you to our Entry No. 713311 dated July 26, 1937 covering a shipment of ten cases of toys, etc. on the steamer Hokkai Maru.

This entry was liquidated on December 1, 1938 with an increased duty of $236.33. Case No. 17023 on this entry contained 240 dozen celluloid novelty Sea-horse at 70 Sen per dozen for a total value of 168 Yen.

There is an affidavit from the Importer attached to this entry verifying the contents and value of this case and the Appraiser also reported contents and value as above. However, this case was figured on liquidation as 240 dozen at 7 Yen per dozen equal to 1680 Yen.

Inasmuch, as this is an apparent clerical error on the part of the liquidator we hereby request that you re-liquidate this entry in regard to the value of case 17023.

The collector's letter in reply to said protest is in the following language:

Relative to Item 771/249, case No. 17023, it will be noted that the 240 dozen celluloid ornaments were appraised at seven yen per dozen, which appraisal was considered, by this office, as final and conclusive upon all parties.

It would appear relief should have been sought under section 501, rather than under section 514, of the act.

The defendant asserts here that the importer should have applied to reappraisement in order to establish the facts necessary to give him relief. In answering this claim the importer states that no notice of advance was given and therefore he could not appeal to reappraisement. It appears from the papers moved in evidence that on September 12, 1938, a notice of advance was given to the importer, H. A. Gogarty, Inc., the address being given as 15 Moore Street, New York City.

The summary of examination and appraisement sheet contains a notation:

30 days expired
no appeal filed

Under date of October 25, 1938, the collector addressed a note to the appraiser which is as follows:

Appraiser: Please note item X page 2—entered at 50%+1¢ ea as cell toys having movable parts although classified on invoice at 60%. Also note that while extension seems to indicate 24 doz Summary on last white page (item x) shows 2880 pieces or 240 doz. as well as an apparently tentative classification at 50–1.

Please give complete tariff description and state whether in your opinion case contained 24 or 240 dozen.

\* \* \* \* \* \* \*

On October 29, 1938, apparently after having had the matter called to its attention, Langfelder, Homma & Hayward, Inc., who were the purchasers of the merchandise, made an affidavit to the following effect:

There has been called to our attention an error on entry No. 713311 of July 26, 1937.

The invoice shows that case 17023 contains 240 dozen 771/429 but it seems that this was later changed to read 24 dozen. The correct contents of this case is 240 dozen, not 24 dozen.

The invoice also shows the price as being ￥ 7.00 per dozen but this should be .70 sen per dozen. The extension of ￥ 168.00 is correct.

Respectfully,
Langfelder Homma & Hayward Inc.
Per:—D. L. C. Kerr
Traffic and Customs Manager

Sworn to before me
this *29th* day of *October 1938*
       Ann Glick
   NOTARY PUBLIC
(Seal)

Thereafter, on October 31, 1938, the assistant appraiser answered the collector's letter above set forth as follows:

Please note, item 771/429 page 2 is in fact a celluloid ornament, dutiable at 60% under paragraph 31, and is valued at .70 sen per dozen and not 7. yen, as shown by the invoice, quantity 240 dozen. Note importer's affidavit.

This later statement contradicts the appraiser's action dated October 8, 1937, wherein he appraised the merchandise as entered. We presume his note was prompted by the importer's affidavit which he apparently was willing to accept under date of October 31, 1938, but having appraised the merchandise as entered on October 8, 1937, at the later date he could not change his appraisement to a different valuation.

This court has decided on numerous occasions that the entered value of merchandise is the unit value and that where the total was extended erroneously the entered value was the unit value and not the total so extended. *United States* v. *Woodward-Newhouse Co.*, 11 Ct. Cust. Appls. 284, T. D. 39100. See also. *Igstaedter & Co.* v. *United States*, idem 477.

Nowhere is there any indication of a manifest clerical error in the entered unit price so far as the invoices are concerned. It took a year's time and an affidavit from the purchaser of the imported merchandise to determine that the importer had entered at the wrong valuation if that be the fact.

The attorney for the importer makes some point that a mark apparently had been stricken through the 0 on the figures 240, so as to make it appear that only 24 dozen had been entered. When or how or why the invoice was so changed we cannot say. Apparently it was done some time after October 25, 1938, because in the collector's inquiry above noted he states:

Also note that while *extension* seems to indicate 24 doz Summary on last white page (item x) shows 2800 pieces or 240 doz * * * . [Italics ours.]

He based his inquiry solely upon the fact that the *extension* on the invoice shows 24 dozen, not that the number of items had been reduced to 24 dozen. We think it is a fair inference that at the time of entry it appeared on the invoice as 240 dozen, which, of course, at 7 yen would have made 1,680 instead of 168 yen. Certainly an error that requires so much explanation cannot be said to be a manifest clerical error. There is no proof in the record that any clerical error as defined by the decisions of this court and the Court of Customs and Patent Appeals had been made. *J. J. McQuillan* v. *United States*, 18 C. C. P. A. 215, T. D. 44401; *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485.

Furthermore, we are of the opinion that this case falls within the rule laid down by this court in *Bienenfeld Glass Works, Inc.* v. *United*

*States*, Abstract 41876, wherein it was held that as it was not shown how the error occurred, what the intent of the importer was, or that the error was made by one upon whom no duty devolved to exercise original thought or judgment, plaintiff's claim of clerical error had not been sustained.

For the foregoing reasons judgment will be rendered for the defendant. It is so ordered.