Before the Third Division, July 24, 1958

**No. 62204.**—Geo. Wm. Rueff, Inc. v. United States, protests 274728–K/14612 and 274729–K/14684 (New Orleans).

Richardson, Judge:   In this action, the plaintiff is protesting the refusal of the collector to reliquidate on the ground of clerical error, mistake of fact, or other inadvertence, six entries of merchandise invoiced as "Sisal Binder Twine, White, 500 Ft."

The case has been submitted upon the official papers.   From an examination of these papers and of memorandums filed by counsel for parties to the litigation, the following facts emerge:

The merchandise was entered at the port of New Orleans free of duty under 19 U. S. C., section 1001, paragraph 1622 (par. 1622, Tariff Act of 1930).

The entries were liquidated on various dates in October 1953.   On liquidation, the collector classified the merchandise as underfootage binder twine and assessed it with duty at the rate of 15 percent ad valorem, pursuant to paragraph 1005 (b) of the aforementioned tariff act.   The importer, plaintiff herein, was notified of the resultant customs duty liability on customs Form 5107.

No protests were filed against the liquidations within the statutory period prescribed in 19 U. S. C. section 1514 (§ 514, Tariff Act of 1930), which, insofar as here applicable, reads as follows:

§ 1514.   Protest against collector's decisions.

. . . all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), . . . and his liquidation or reliquidation of any entry, . . . or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation

when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, . . . shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, . . . file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. . . .

Approximately 11 months after the liquidations, however, plaintiff filed with the collector, a petition, dated September 29, 1954, requesting reliquidation of the involved entries on the ground of clerical error or other inadvertence adverse to the importer and manifest from the record, pursuant to 19 U. S. C. section 1520 (c) (1) (§ 520 (c) (1), Tariff Act of 1930). This statute, as amended by the Customs Simplification Act of 1953, provides that:

§ 1520.   Refunds and errors.

•         •         •         •         •         •         •

(c)   Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1)   a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction; . . . .

The clerical errors or inadvertences claimed in the petition were (1) the alleged failure of the collector to follow the procedure embodied in a regulation in section 6 of the Customs Accounting Manual of 1948, directing that the importer be sent a final notice of duties due on customs Form 4619, within 15 days after liquidation, and that the surety be notified of nonpayment of duties due, and (2) error in measuring the twine at less than 500 feet to the pound.

A letter from the Bureau of Customs, dated June 17, 1955, denying the petition was sent to plaintiff by letter of transmittal signed by the assistant collector and dated July 11, 1955.   On August 25, 1955, the plaintiff filed a protest against the refusal of the collector to reliquidate and by reference incorporated therein the aforementioned petition requesting reliquidation.   This petition, though made a part of the protest, was not forwarded to the court.   Plaintiff later requested reconsideration of the decision not to reliquidate, but again met with refusal. This second refusal was also protested within a period of 60 days thereafter.

Counsel for the defendant has moved to dismiss the protests on the grounds, first, that they are untimely as against the liquidations; and, secondly, that the protests are against a decision of the Secretary of the Treasury made under section 1520 (c) (1), *supra*, and that the powers of the Secretary under the statute are discretionary and nonreviewable by the courts.

If the instant protests are against the liquidations, they are obviously untimely, as counsel for defendant contends, having been filed long after the 60-day period prescribed in section 1514, *supra*.   However, a reading of the protests reveals that they do not purport to be against the liquidations, but are in specific terms directed against the refusal of the collector to reliquidate for clerical error, mistake of fact, or other inadvertence, and they were filed within 60 days after said refusal. Under the express terms of section 1514, *supra*, if reliquidation had been sought under that statute, the protests would without question have been untimely.

However, plaintiff chose to pursue another course in its effort to secure relief, and the question is whether protests, which are filed within 60 days after the refusal to accede to a request for reliquidation under section 1520 (c) (1), *supra*, are timely.

An affirmative answer has been given by the court in the cases of *Richard Shipping Corp.* v. *United States,* 61 Treas. Dec. 106, T. D. 45394; *Hudson Fwdg. & Shipping Co.* v. *United States,* 63 Treas. Dec. 819, T. D. 46389. The court, in the first case cited, held that a protest filed within 60 days after the refusal of the collector to reliquidate to correct a manifest clerical error was timely before the Customs Court and raised the issue of whether or not the collector properly refused to reliquidate. In the *Hudson* case, *supra,* the refusal to refund duty under 19 U. S. C. section 1520 (a) (4) (§ 520 (a) (4), Tariff Act of 1930) was the question in issue. The court found that the protest which was filed within 60 days after the refusal was timely, and, in doing so, said:

. . . Section 514 operates directly upon it as of this time of refusal, by its express language providing for protest within 60 days after "liquidation, reliquidation, decision or refusal" of all exactions of every character within the jurisdiction of the Secretary of the Treasury.

Though untimely as against the liquidations, the protests under the authority of the above decisions are timely as against the refusal to reliquidate upon the grounds asserted, and the motion of the counsel for defendant to dismiss for untimeliness is denied.

Plaintiff has claimed clerical error in its protest, but we are unable to find from the evidence that clerical error has been proven. Included among the official papers are what purports to be copies of final notices of duties due on the involved entries. It is true that the dates on these copies, as shown in the following schedule, indicate that they were not sent to the plaintiff in the time said to be fixed by the regulation.

| Entry No. | Date of entry | Date of liquidation | Date of notice |
|---|---|---|---|
| 03996 | 1/ 5/53 | 10/13/53 | 10/29/53 |
| 07742 | 6/23/52 | 10/ 6/53 | 10/26/53 |
| 0470 | 7/22/52 | 10/13/53 | 10/29/53 |
| 05657 | 3/10/53 | 10/20/53 | 8/12/54 |
| 07970 | 6/15/53 | 10/13/53 | 10/29/53 |
| 01029 | 8/21/52 | 10/27/53 | 8/12/54 |

However, there is nothing in the record to show that this noncompliance was due to clerical error as that term has been judicially construed. The courts have held that a clerical error is a mistake committed by a clerk or other subordinate, upon whom no duty devolved to exercise judgment or thought in writing or copying figures or in executing his intention. They have said that intention is the essence of clerical error. *United States* v. *Wyman & Co.,* 4 Ct. Cust. Appls. 264, T. D. 33485; *J. J. McQuillan* v. *United States,* 18 C. C. P. A. (Customs) 215, T. D. 44401; *Chency Bros.* v. *United States,* 38 Treas. Dec. 577, T. D. 38468; *H. A. Gogarty, Inc.* v. *United States,* 3 Cust. Ct. 280, C. D. 254; and *Pacific Trading Co.* v. *United States,* 20 Cust. Ct. 170, C. D. 1103. The instant record does not disclose by whom the notices were prepared, it does not reveal the preparer's intention with regard thereto, nor does it show that the failure to send the notices within the required time was due to negligence, inadvertence, or carelessness.

This is equally true in regard to the allegedly incorrect measurement of the merchandise. There is nowhere in the evidence any admission or other proof of error, clerical or otherwise, made by the customs officials in this respect. To the contrary, the laboratory reports sent with the official papers show various specific measurements all under 500 feet for each importation of twine, and the record

is devoid of any evidence that tends to indicate or raise even a weak presumption that the information contained in the reports is erroneous and the result of clerical error, mistake of facts, or inadvertence.

Under the express terms of the statute, the clerical errors, mistakes of fact, or other inadvertences that may be corrected through reliquidation are those occurring in an entry, liquidation, appraisement, or other customs transaction. Therefore, even were we to assume that the failure to send the notices within the time required was an inadvertence other than a clerical error or mistake of fact, unless the inadvertence was committed in connection with the entry, liquidation, or appraisement of the involved merchandise, or some other customs transaction, it would not be correctable under section 1520 (c) (1), *supra*. It is at once apparent that the action complained of was in no way related to the entry, liquidation, or appraisement of the importations of twine. It then follows that unless the issuance of the notices of final duties due constituted a customs transaction within the purview of the statute, any inadvertence in connection therewith was not subject to correction under that section.

Though the term "other customs transaction" should be construed and given a comprehensive meaning so as not to frustrate and thwart the intention of the lawmakers in enacting this legislation, we do not think that an action such as this which does not directly or indirectly affect the legal rights or obligations of the plaintiff can be considered a transaction within the intendment of the statute.

Inasmuch as there has been no showing that the plaintiff was entitled to relief under section 1520 (c) (1), *supra,* the protests are hereby overruled.